UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
FIRST TENNESSEE BANK, N.A.,

                         Plaintiff,

  -against-

LORNA A. BLACK,

                         Defendant.

------------------------------------------------------------------ x

ORDER
10-CV-4925 (FB)

GOLD, STEVEN M., U.S.M.J.:

       Plaintiff brings this action to recover damages for defendant's breach of a home equity loan agreement. Upon plaintiffs' application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendant on February 15, 2011. The Honorable Frederic Block referred the matter to me to conduct an inquest and to report and recommend on the amount of damages, if any, to be awarded.

       The court will consider all previous submissions in determining an award. The court, however, requests a brief memorandum of law, affidavits, or supporting documentation addressing the following issues.

       First, I have a concern about whether service was properly effected on defendant Lorna A. Black. Even after entry of default, a court retains discretion over whether to grant a final default judgment. *Palmieri v. Town of Babylon*, 277 Fed. Appx. 72, 74 (2d Cir. 2008) (summary order); *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Acceptance Ins. Co. v. Home Med. of Am., Inc.*, 2005 WL 3471780, at *2 (S.D.N.Y. Dec. 20, 2005). Although insufficiency of service is an affirmative defense that is waivable if not raised by a defendant, a court may appropriately review the adequacy of service before entering a default judgment.

*Palmieri*, 277 Fed. Appx. at 74; *Kucher v. Alternative Treatment Ctr. of Paterson, LLC*, 2009 WL 1044626, at *4 (E.D.N.Y. Mar. 27, 2009); *Forsberg v. Always Consulting, Inc.*, 2008 WL 5449003, at *17-18 (S.D.N.Y. Dec. 31, 2008); *Thomas v. Dunkin Donuts, Inc.*, 2008 WL 842431, at *2 (E.D.N.Y. Mar. 28, 2008); *Acceptance Ins. Co.*, 2005 WL 3471780, at *2.

Pursuant to New York law, a defendant may be served by "nail and mail" service "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode . . . and by . . . mailing the summons to such person at his or her last known residence" only after personal or substituted service "cannot be made with due diligence." N.Y. C.P.L.R. 308(4). Thus, prior to resorting to nail and mail service, a process server must make diligent attempts to serve a defendant personally or through substituted service. *Id.*; *see also County of Nassau v. Letosky*, 34 A.D.3d 414, 414 (2d Dep't 2006). Moreover, nail and mail service must be effected at defendant's actual dwelling place or usual place of abode. N.Y. C.P.L.R. 308(4); *see also Schwartzman v. Musso*, 201 A.D.2d 551, 552 (2d Dep't 1994).

According to the affidavit of service here, plaintiff's process server used the "nail and mail" method to serve defendant Lorna A. Black at 1249 Ocean Avenue, Apt. 4G, Brooklyn, New York. Docket Entry 3. The affidavit further indicates that the process server attempted personal service at this address on three consecutive dates at various times to no avail. *Id.* Although plaintiff's complaint alleges that Black resides at the address where service was made, Compl. ¶ 4, plaintiff's documentation in support of its motion for entry of a default judgment suggests that defendant resides in California, or at least that she did up to November, 2006. Docket Entry 6. In fact, the home equity loan that is the subject of this litigation secured real property located in California. Chapman Aff. ¶ 3, Docket Entry 6-2; Agreement ¶ 13, Docket Entry 6-3 at 3. Moreover, plaintiff sent defendant's loan statements to a California address. *See*

2

Docket Entry 6-3 at 10-26.[1]  Under these circumstances, I cannot determine whether defendant Black was properly served.  Accordingly, plaintiff shall file an affidavit providing further details with respect to service upon defendant Black, and explaining its basis for asserting that "nail and mail" service was proper.[2]

With respect to its damages submission, the Court requests additional information before recommending an award.  Plaintiff seeks $81,831.75 in damages, exclusive of interest.[3]  Docket Entry 6.  Although plaintiff details in an affidavit the various fees and interest applicable upon defendant's default on repaying the loan, Chapman Aff. ¶¶ 8, 11, plaintiff only provides the court with an aggregate total of its damages without a more detailed breakdown of the calculation.  For example, the court has no information as to the unpaid balance of the loan at the time of defendant's default, other than the amount, slightly more than $62,000, identified on the November, 2006 statement.  Docket Entry 6-3 at 26.[4]  Accordingly, plaintiff shall submit an affidavit or affirmation itemizing and explaining the calculation of its damages.

Finally, the complaint seeks reimbursement for attorney's fees and costs pursuant to the loan agreement.  If plaintiff seeks an award of its fees and costs as part of the default judgment, it must submit contemporaneous time records.  *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (requiring that contemporaneous time records be submitted with all fee applications).

---

[1]  Plaintiff shall comply forthwith with Federal Rule of Civil Procedure 5.2 and re-file its submission redacting defendant's loan account number.

[2]  The issue of defendant's residency also has implications for whether this court has jurisdiction over defendant and whether this court is the proper venue for this diversity action.  *See* 28 U.S.C. 1332(a)(1) (permitting a diversity action to be brought in the district where the defendant resides).

[3]  The amount plaintiff seeks in its motion for default judgment, $81,831.75, is less than the amount sought in the complaint, $83,844.67.  Plaintiff fails to explain the difference in the calculation, such as whether it was due to a mathematical error or whether defendant made a payment.

[4]  The statements submitted on ECF are difficult to read.  Accordingly, the Court requests that plaintiff submit a courtesy copy of its motion papers, Docket Entry 6.

Accordingly, plaintiff shall file its supplemental submission in support of its motion no later than March 11, 2011. Any submission that defendant wishes to make in response is due no later than March 25, 2011. Any reply that plaintiff wishes to make should be filed no later than April 1, 2011. Upon receipt of this Order, plaintiff is hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendant at both the New York and California addresses, and to provide the Court with a copy of the return receipt.

_____/s/_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
February 18, 2011

*U:\eoc 2011\first tenn bank v black order.docx*